In the Matter of WALTER M. FRIEDLAND, an Attorney, Respondent.

First Department, May 12, 1933.

*Edward S. Greenbaum* of counsel [*Einar Chrystie*, attorney], for the petitioner.

Respondent in person.

FINCH, P. J. The respondent was admitted to practice as an attorney and counselor at law in the State of New York, under the name of Walter Morris Friedland, on November 20, 1905, at a term of the Appellate Division of the Supreme Court, First Department, and has practiced as such attorney since his admission.

By the petition herein he is charged with professional misconduct in that he unreasonably neglected the cause of a client by whom he had been employed to obtain a dissolution of her marriage.

The respondent answered, and the matter was sent to a referee to take testimony respecting the charge and report the same to this court, together with his opinion thereon. The learned referee has duly reported, finding the respondent guilty of the charge. The matter now comes before this court, upon motion of the petitioner that the report of the referee be confirmed and for such action as may be just and proper.

The facts are as follows: Anita Blanchet retained the respondent on March 10, 1930, to bring a proceeding for the dissolution of her

marriage pursuant to section 7-a of the Domestic Relations Law (added by Laws of 1922, chap. 279) for an agreed fee which was to cover all disbursements, which fee was paid in full. On April 29, 1930, a petition was verified by Mrs. Blanchet and a proposed order of publication prepared by the respondent. The order, however, was not signed, because of a typographical error in the spelling of the name of Mrs. Blanchet in the verification of the petition. Thenceforth the respondent did nothing in the matter until April 16, 1931, when a second petition was verified by Mrs. Blanchet. . Prior to this Mrs. Blanchet had taken the matter up with the Bar Association and the latter, on April 11, 1931, had written the respondent that his conduct in the matter was to be investigated. On April 28, 1931, a hearing was had before the grievance committee of the Bar Association, and the respondent then promised to complete the proceeding promptly. Notwithstanding, it was necessary for the grievance committee of the petitioner on October 21, 1931, again to summon the respondent to attend and explain his continued neglect. On November 3, 1931, a third petition was verified by Mrs. Blanchet and on March 12, 1932, a decree of dissolution was finally obtained. Between the two last-mentioned dates the respondent proceeded under the repeated exhortations of the grievance committee of the petitioner.

The respondent attempted to justify his delay in proceeding as due to the failure of his client to leave with him her correct address, she, for personal reasons, preferring to communicate with the respondent herself rather than that he should communicate with her; and further because of her absence from the city from time to time without advising the respondent where she could be reached.

The record does not support this claim. Upon the contrary, it appears that the respondent found no difficulty in locating his client when it suited his own purpose, as for instance, when he wanted and obtained payment of the balance of his fee. He further knew that his client could at all times be reached through her brother, whose address the respondent knew. It appears further that Mrs. Blanchet had at all times been most anxious to have the proceeding completed and had written the respondent five times complaining of his inactivity and asking for action. The respondent denied the receipt of these letters.

Respondent has thus been guilty of taking two years to complete a proceeding for his client which could have been completed with due diligence in much less than six months.

The respondent clearly has been guilty of grossly neglecting the interest of his client, after having been paid in full in advance for all services and disbursements, and even after the matter was

called to his attention by the petitioner. Moreover, he has been neither fair nor frank in his testimony.

The respondent should be suspended for six months from practice, with leave to apply for reinstatement at the expiration of that term, upon proof of his compliance with the conditions incorporated in the order.

McAvoy, Martin, O'Malley and Townley, JJ., concur.

Respondent suspended for six months.